Monte J. SOLAZZI, Chemplex Industries, Inc. (a New York Corporation), and Chemplex Industries, Inc. (a Florida Corporation), Plaintiffs–Appellees,

v.

PREMIER LAB SUPPLY, INC., Anthony Norelli, Maria L. Norelli, and Donato A. Pompa, Defendants–Appellants.

No. 01–1278.

United States Court of Appeals, Federal Circuit.

April 6, 2001.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

ON MOTION

LINN, Circuit Judge.

*ORDER*

Premier Lab Supply, Inc. et al. appeal from an interlocutory order of the United States District Court for the Southern District of Florida ordering Premier to produce unredacted documents in response to certain of Monte J. Solazzi, Chemplex Industries, Inc. et al.'s discovery requests. Premier moves for a stay, pending appeal, of the district court's order. We consider whether Premier's appeal should be dismissed as an impermissible appeal from a nonfinal order. Additionally, we consider whether Premier is entitled to relief by mandamus.

The parties have been involved in a discovery dispute since May 2000. Finally, on March 5, 2001, the district court entered its fifth "Omnibus Order" concerning discovery, directing Premier to provide un-

redacted documents in response to certain of Chemplex's requests. The district court noted that the "case is scheduled for trial in early April. Any future dilatory tactics which threaten to delay the court-ordered deadlines in this case will result in appropriate sanctions. Both sides should govern themselves accordingly."

Under 28 U.S.C. § 1295(a)(1), we have jurisdiction to review a final decision of a district court. The district court's March 5, 2001 discovery order was not a final decision ending the litigation on the merits. Although Premier labeled its motion for reconsideration of that order a "Rule 60(b) motion," it was not a Fed. R.Civ.P. 60(b) motion to reopen a final judgment or order, as there has been no final judgment in this case. Thus, Premier may not appeal under the guise of appealing the denial of a Rule 60(b) motion.

Section 1292 of 28 U.S.C. sets forth categories of interlocutory orders that may be appealed. The district court's order does not fall within any of those categories. Although Premier labels its motion as a "Petition for Permission to Appeal," it is not a petition for permission to appeal contemplated by § 1292(b), (c)(1), which requires a district court to certify its order for immediate appeal. Thus, we treat Premier's submission as a petition for writ of mandamus to direct the district court to vacate its March 5, 2001 order.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v.*

*Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right is 'clear and indisputable.'" *Allied Chemical,* 449 U.S. at 36, 101 S.Ct. 188. Such a discretionary ruling will rarely justify issuance of a writ. *Allied Chemical,* 449 U.S. at 36, 101 S.Ct. 188. Premier has not shown that exceptional circumstances are present here.

Premier argues that it should not have to divulge business information to a competitor. This issue has been discussed, briefed, and taken to the district court for decision over the course of many months. The district court, in its discretion, has ruled on the matters in dispute. Premier has not shown that it is clearly and indisputably right with respect to these matters. Alternatively, it seeks a more restrictive protective order, i.e., one limiting access to the documents only to the attorneys for Chemplex. As noted by the district court on April 2, 2001, Premier did not ask for this relief until after the fifth Omnibus Order was entered.

Accordingly,

IT IS ORDERED THAT:

(1) Premier's appeal is dismissed.

(2) Premier's motion for a stay is moot.

(3) To the extent that Premier's submission is a petition for writ of mandamus, the petition is denied.

(4) Each side shall bear its own costs.